IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>**NICHOLS BROTHERS, INC.,** *et al.*,[1]<br><br>    Debtor. | Case No. 18-11123-M<br><br>Chapter 7<br><br>(Jointly Administered) |
| **(1) RANDY D. KRETCHMAR and JOAN M. KRETCHMAR, TRUSTEES OF THE KRETCHMAR LIVING TRUST DATED DECEMBER 5, 2006**; and<br>**(2) TYLER E. KRETCHMAR, TRUSTEE OF THE TYLER E. KRETCHMAR LIVING TRUST DATED MAY 24, 2012**<br><br>    Plaintiffs,<br><br>v.<br><br>**(1) MIDCON SUPPLY, INC.;**<br>**(2) REMOTE SUPPLY COMPANY, LLC;**<br>**(3) SALLE HULSE, OSAGE COUNTY TREASURER;**<br>**(4) OSAGE COUNTY BOARD OF COUNTY COMMISSIONERS;** and<br>**(5) PATRICK J. MALLOY, III, CHAPTER 7 TRUSTEE,**<br><br>    Defendants. | Adversary Proceeding No. 20-01018-M |

## **MOTION TO CONSOLIDATE ADVERSARY PROCEEDINGS**

Pursuant to FED. R. BANKR. P. 7042, Patrick J. Malloy, III, in his capacity as bankruptcy trustee of Nichols Brothers, Inc., NBI Properties, Inc., and NBI Services, Inc. (the "Trustee"), asks the Court to consolidate Adversary Proceeding Nos. 20-01012-M & 20-01018-M. In support of his motion, the Trustee states and alleges as follows:

---

[1] The debtors are Nichols Brothers, Inc., Case No. 18-11123-M, NBI Properties, Inc., Case No. 18-11124-M, NBI Services, Inc., Case No. 18-11125-M.

**FACTUAL AND PROCEDURAL HISTORY**

1. On March 24, 2020, the Trustee filed Adversary Proceeding No. 20-01012-M (the "First AP Case"). He named as defendants MidCon Supply, Inc. ("MidCon"); Randy D. Kretchmar and Joan M. Kretchmar, Trustees of the Kretchmar Living Trust Dated December 5, 2006; and Tyler E. Kretchmar, Trustee of the Tyler E. Kretchmar Living Trust Dated May 24, 2012 (collectively, the "Trusts").

2. The First AP Case seeks to avoid a transfer of real property pursuant to 11 U.S.C. § 548. The real property is located in Osage County, Oklahoma, and described more particularly in Exhibit A to the *Complaint* [Doc. 1-1] (the "Subject Real Property").

3. The First AP Case alleges that NBI Services, Inc., debtor in Case No. 18-11123-M, fraudulently transferred the Subject Real Property to MidCon, who then executed a mortgage with respect to the Subject Real Property in favor of the Trusts.

4. On April 3, 2020, and therefore subsequent to the First AP Case, the Trusts filed an action in the District Court of Osage County, Oklahoma, CJ-2020-0059 (the "State Court Case"). They named as defendants, among others, MidCon and the Trustee in his official capacity. The State Court Case seeks to collect on a promissory note and foreclose on the Subject Real Property.

5. On May 4, 2020, the Trustee removed the State Court Action to this Court, now styled as Adversary Proceeding No. 20-01018-M (the "Second AP Case").

**ARGUMENT AND AUTHORITIES**

FED. R. BANKR. P. 7042 provides that FED. R. CIV. P. 42 applies in adversary proceedings. FED. R. CIV. P. 42(a) provides that a court may consolidate two actions before it if such actions "involve a common question of law or fact." The "purpose of Rule 42 is to give the

court a broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Cooper Clark Found. v. Oxy USA Inc.*, 785 F. App'x 579, 583 (10th Cir. 2019)(citing *Wright & Miller*, History and Purpose of Rule, 9A FED. PRAC. & PROC. CIV. § 2381 (3d ed.)).

The First AP Case and the Second AP Case involve common questions of law and fact. Most significantly, both cases involve the same tract of real property. The Court's resolution of the seminal issue in the First AP Case – whether the Trustee can avoid the transfer of the Subject Real Property – will necessarily impact resolution of the seminal issue in the Second AP Case – whether the Trusts can foreclose on the Subject Real Property. The Trustee alleged in the First AP Case that the Trusts were the "immediate transferees" of MidCon pursuant to 11 U.S.C. § 550. If correct in the allegation, and if successful in his avoidance action, the Trustee may recover the property transferred to the Trusts. *See* 11 U.S.C. § 550(a)(2). Such a recovery will dramatically alter the outcome of the Second AP Case, where the Trusts are attempting to assert property rights in the Subject Real Property.

Accordingly, it would not be particularly prudent for the two cases to proceed separately. Consolidating the cases would allow for an efficient administration of the Court's docket and save the resources of all parties. Common factual and legal issues involving the Subject Real Property can be resolved in one proceeding, which will reduce the overall burden on the Court, the parties, and potential witnesses. *See In re Mona Lisa at Celebration, LLC,* 410 B.R. 710, 716 (Bankr. M.D. Fla. 2009)(ordering consolidation because of "similarity of issues raised in these adversary proceedings."); *In re Delco*, 2007 WL 7141223, at *1 (Bankr. N.D. Ga. Feb. 20, 2007)(ordering consolidation because facts of one adversary proceeding "inextricably intertwined with those that support the fraudulent transfer and preference claims."); *In re Bridge*

*Info. Sys., Inc*., 288 B.R. 548, 553 (Bankr. E.D. Mo. 2001)(ordering consolidation because of "a common question of fact with respect to some of the individual parcels of real estate in question.").

## CONCLUSION

For the foregoing reasons, the Trustee asks the Court to consolidate Adversary Proceeding Nos. 20-01012-M & 20-01018-M.

Respectfully submitted,

/s *Alexander Sokolosky*
Mark A. Craige, OBA #1992
Alexander Sokolosky, OBA #33614
CROWE & DUNLEVY
A Professional Corporation
500 Kennedy Building
321 South Boston Avenue
Tulsa, OK 74103-3313
(918) 592-9800
(918) 592-9801 (Facsimile)
Mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

*Special Counsel for Patrick J. Malloy, III, Chapter 7 Trustee*

and

Patrick J. Malloy, OBA # 5647
MALLOY LAW FIRM
401 South Boston Avenue, Suite 500
Tulsa, OK 74103-3313
(918) 855-5471
pjmiiim@sbcglobal.net

*Attorney for Patrick J. Malloy, III, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

  I certify that on May 12, 2020, a true and correct copy of the foregoing was served by mailing, postage prepaid, to the following (parties in Adversary Proceeding No. 20-01018-M):

| | |
|---|---|
| Vance T. Nye<br>Gungoll, Jackson, Box & Devell, P.C.<br>101 Park Avenue, Suite 1400<br>Oklahoma City, Oklahoma 73102 | MidCon Supply, Inc.<br>c/o Richard Nichols, Registered Service Agent<br>823 S. Detroit Avenue<br>Tulsa, OK 74120 |
| Remote Supply Company, LLC<br>c/o Dalen McVay, Registered Service Agent<br>211 N. Washington<br>Enid, OK 73701 | Remote Supply Company, LLC<br>c/o Dalen McVay, Registered Service Agent<br>215 W. Owen K. Garriott 2A<br>Enid, OK 73701 |
| Sally Hulse, Osage County Treasurer<br>Osage County Courthouse<br>611 Grandview Ave.<br>Pawhuska, OK 74056 | Board of County Commissioners, Osage County Oklahoma<br>Sheila Bellamy, County Clerk<br>Osage County Courthouse<br>600 Grandview Ave., Room 204<br>Pawhuska, OK 74056 |

  I certify that on May 12, 2020, a true and correct copy of the foregoing was served by mailing, postage prepaid, to the following (parties in Adversary Proceeding No. 20-01012-M):

| | |
|---|---|
| Vance T. Nye<br>Gungoll, Jackson, Box & Devell, P.C.<br>101 Park Avenue, Suite 1400<br>Oklahoma City, Oklahoma 73102 | Alexander F. King<br>King Woods, PLLC<br>20 East 5th Street, Ste. 750<br>Tulsa, Oklahoma 74103 |
| Thomas Ryan Showman<br>Gungoll, Jackson, Box & Devell, P.C.<br>101 Park Avenue, Suite 1400<br>Oklahoma City, Oklahoma 73102 | Christopher B. Woods<br>King Woods, PLLC<br>20 East 5th Street, Ste. 750<br>Tulsa, Oklahoma 74103 |

                s/ *Alexander Sokolosky*
                Alexander Sokolosky